## STATE v. THOMAS KERR.[1]

March 13, 1925.

No. 24,548.

**Conviction sustained for driving automobile while drunk.**

> Defendant was convicted of operating an automobile while intoxicated. The evidence is sufficient to sustain the verdict, and we find no error in admitting a statement as to his condition made in his presence immediately following the accident.

> *Headnote. See Criminal Law, 16 C. J. p. 631, § 1256; Motor Vehicles, 28 Cyc. p. 50.

Defendant was charged in the municipal court of Mankato with the crime of operating a motor vehicle while intoxicated, tried before Stradtman, J., and a jury which found him guilty. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*John Klaseus* and *Moonan & Moonan*, for appellant.

*Clifford L. Hilton*, Attorney General, and *Frank E. Morse*, County Attorney, for the state.

TAYLOR, C.

Defendant was tried in the municipal court of Mankato on the charge of operating an automobile on the public highway while in an intoxicated condition, and was found guilty by a jury. He appeals from an order denying a new trial.

He concedes that he was driving the automobile on a public highway and that a collision occurred between his automobile and the automobile of the witness Russell, but insists that the evidence is not sufficient to sustain the finding that he was in an intoxicated condition. He not only denied that he was intoxicated, but denied having drunk any intoxicating liquor whatever. Witnesses for the prosecution testified that his breath smelled strongly of alcohol; that he talked thick-like; that he was unsteady on his feet; and that he

[1]Reported in 202 N. W. 727.

looked drowsy and like an intoxicated person. Several of them say that they would not swear that he was intoxicated, but that from his appearance they thought he was. We think that the evidence made the question of intoxication a question for the jury.

The accident happened on trunk highway No. 7 a few miles from Mankato. The chief of police of Mankato who was returning from a lake with his wife and some friends came along immediately after the accident. He testified that he stopped and asked defendant what the trouble was, and, not getting a satisfactory answer, he then asked Russell what the trouble was, and that Russell answered: "This man ran into me." Thereupon defendant objected to the statement as hearsay. The objection was overruled and the witness continued:

"Mr. Russell said, 'He ran into me,' and I asked Russell what his name was and he said it was A. B. Russell, and then I asked him where he lived and he told me, and then he asked me my name and I said 'Lundmark,' and he said 'Aren't you the Chief of Police?' and I said 'I am,' and he said, 'I am glad you came along, this man is drunk.' "

Defendant urges this statement as error. The witness stated that defendant was standing within ten feet of them during this conversation, and we see no error in admitting the statement. This witness also stated that defendant's breath smelled very strongly of liquor; that defendant appeared to be wobbly on his feet and not in a normal condition; and that he thought defendant was intoxicated.

Defendant insists that his dazed condition and his unsteadiness in walking were caused by injuries received in the collision. This was a matter for the jury to pass upon and we find no ground for disturbing their verdict.

Order affirmed.